

# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00896-CV

**IN THE INTEREST OF D.V.H.**, a Child

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-02676
Honorable Linda A. Rodriguez, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: March 13, 2019

AFFIRMED

Appellant Mom appeals the trial court's order terminating her parental rights to her child D.V.H.[i] She asserts the evidence is neither legally nor factually sufficient for the trial court to have found by clear and convincing evidence that her course of conduct met any statutory ground for termination or that terminating her parental rights is in her child's best interest.

Because the evidence was legally and factually sufficient to support the trial court's findings on the best interest of the child and at least one of the statutory grounds,[ii] we affirm the trial court's order.

---

[i] To protect the minor's identity, we refer to Mom and the child using aliases. *See* TEX. R. APP. P. 9.8.

[ii] Because Mom is the only appellant, we recite only those facts that pertain to Mom or the child.

## BACKGROUND

In November 2017, the Department of Family and Protective Services received a referral for neglectful supervision of D.V.H.—an autistic, special needs child, who requires constant supervision. While in Mom's care, D.V.H. had made several unaccompanied excursions from Mom's apartment. Later, when eight-year-old D.V.H. was found unaccompanied in the middle of the highway, the Department petitioned for temporary managing conservatorship of D.V.H.

The trial court granted the Department's petition and placed Mom on a service plan. Mom did not complete her service plan or appear at trial. Citing grounds (N) and (O), and the best interest of the child, the trial court terminated Mom's parental rights to D.V.H. Mom appeals.

## EVIDENCE REQUIRED, STANDARDS OF REVIEW

The evidentiary standards[1] the Department must meet and the statutory grounds[2] the trial court must find to terminate a parent's rights to a child are well known, as are the legal[3] and factual[4] sufficiency standards of review. We apply them here.

## BASES FOR TERMINATING MOM'S PARENTAL RIGHTS

### A. Witnesses at Trial

In a one-day bench trial, the trial court heard testimony from the Department's case worker and Mom's mother. Mom had notice of the trial, but she did not appear.

The trial court was the "sole judge[] of the credibility of the witnesses and the weight to give their testimony." *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005); *cf. In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam).

### B. Mom's Course of Parental Conduct

Because a single statutory ground finding, when accompanied by a best interest of the child finding, is sufficient to support a parental rights termination order, *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re R.S.-T.*, 522 S.W.3d 92, 111 (Tex. App.—San Antonio 2017, no pet.), we

will address only one ground: (O), failure to comply with a court-ordered service plan, *see* TEX. FAM. CODE ANN. § 161.001(b)(1)(O).

### 1. Court-Ordered Service Plan Requirements

The trial court ordered Mom to complete her service plan which included completing parenting classes, individual counseling, and a psychosocial evaluation. Mom completed the psychosocial evaluation—which recommended a psychiatric evaluation, individual counseling, family counseling, and parenting classes.

### 2. Evidence of Failure to Comply

The record conclusively establishes that the Department prepared a family service plan for Mom, Mom signed it, and the trial court ordered Mom to comply with it. Mom completed the psychosocial evaluation, but she did not complete a psychiatric evaluation, individual counseling, family counseling, or parenting classes as ordered. There was no evidence to controvert the case worker's testimony that Mom failed to comply with these plan requirements.

Further, Mom presented no evidence that she "made a good faith effort to comply with the order and the failure to comply with the order [was] not attributable to any fault of [hers]." *See* TEX. FAM. CODE ANN. § 161.001(d)(2).[iii] When the case worker asked Mom why she did not complete her service plan, Mom provided no explanation. *See id.*; *In re D.D.R.*, No. 04-18-00585-CV, 2019 WL 360657, at *2 (Tex. App.—San Antonio Jan. 30, 2019, no pet. h.) (mem. op.).

Considering all the evidence in the light most favorable to the trial court's findings, we conclude the trial court could have formed a firm belief or conviction that Mom failed to comply

---

[iii] The Department filed this suit on November 27, 2017; this suit is subject to section 161.001(d). *See* Act of May 24, 2017, 85th Leg., R.S., ch. 317, § 12, sec. 161.001, 2017 Tex. Sess. Law Serv. 618, 618–19 (to be codified at TEX. FAM. CODE ANN. § 161.001(d)) (noting in section 73(c) that section 161.001(d) is effective for suits filed on or after September 1, 2017).

with her court-ordered service plan. *See* TEX. FAM. CODE ANN. § 161.001(1)(O); *In re S.M.R.*, 434 S.W.3d 576, 582 (Tex. 2014).

## C.     Best Interest of the Child

Mom also challenges the sufficiency of the evidence supporting the trial court's finding that terminating her parental rights is in D.V.H.'s best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(2). The Family Code statutory factors[5] and the *Holley* factors[6] for the best interests of a child are well known. Applying each standard of review and the applicable statutory and common law factors, we examine the evidence pertaining to the best interest of the child.

## D.     Evidence of Best Interest of the Child

The trial court heard the following testimony.

### 1.     *Mom's Conduct*

Mom knows D.V.H. is autistic and cannot verbally communicate his needs. Before D.V.H. was found in the middle of the highway, he had let himself out of Mom's apartment more than once, but Mom did not install the special locks needed to keep him from leaving on his own. D.V.H. would be in immediate danger if he were returned to Mom. *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (3), (10), (11), (12); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (H)).

### 2.     *Mom's Plan Compliance*

As we noted above, Mom failed to comply with her service plan, and she offered no excuse for her failure. *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (10), (11), (12); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (H), (I)).

### 3.     *Mom's Care for the Child*

Initially Mom visited D.V.H., but she stopped visiting him about two months before trial. The case worker offered to take D.V.H. to her, but Mom did not respond. Mom's mother testified

that Mom could not competently and safely meet D.V.H.'s needs at this time. *See* TEX. FAM. CODE ANN. § 263.307(b)(12); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D)).

### 4. Child's Placement

D.V.H. was placed in a treatment center with a specialized level of care. The Department completed a home study for a maternal aunt, and the Department is waiting for final approval. The maternal aunt wants to adopt D.V.H., and she is able to meet all of D.V.H.'s needs. *See* TEX. FAM. CODE ANN. § 263.307(b)(1); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (F), (G)).

### 5. Evidence is Sufficient

Considering all the evidence under the two evidentiary standards, we conclude the trial court could have formed a firm belief or conviction that terminating Mom's parental rights to her child was in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(2); *In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012).

## CONCLUSION

Because the evidence was legally and factually sufficient to support the trial court's findings by clear and convincing evidence (1) of at least one predicate ground for termination and (2) that termination of Mom's parental rights is in the best interest of the child, we affirm the trial court's order.

Patricia O. Alvarez, Justice

---

[1] <u>Clear and Convincing Evidence</u>. If the Department moves to terminate a parent's rights to a child, the Department must prove by clear and convincing evidence that the parent's acts or omissions met one or more of the grounds for involuntary termination listed in section 161.001(b)(1) of the Family Code and that terminating the parent's rights is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b); *In re J.F.C.*, 96 S.W.3d 256, 261 (Tex. 2002). The same evidence used to prove the parent's acts or omissions under section 161.001(b)(1) may be used in determining the best interest of the child under section 161.001(b)(2). *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002); *In re D.M.*, 452 S.W.3d 462, 471 (Tex. App.—San Antonio 2014, no pet.); *see also* TEX. FAM. CODE ANN. § 161.001(b). The trial court may consider a parent's past deliberate conduct to infer future conduct in a similar situation. *In re D.M.*, 452 S.W.3d at 472.

[2] <u>Statutory Grounds for Termination</u>. The Family Code authorizes a court to terminate the parent-child relationship if, inter alia, it finds by clear and convincing evidence that the parent's acts or omissions met certain criteria. *See* TEX. FAM. CODE ANN. § 161.001(b). Here, the trial court found Mom's course of conduct met the following criteria or grounds:

     (N)  constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months, and:
        (i)    the department has made reasonable efforts to return the child to the parent;
        (ii)   the parent has not regularly visited or maintained significant contact with the child; and
        (iii)  the parent has demonstrated an inability to provide the child with a safe environment;
     (O)  failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child; [and]

*Id.* § 161.001(b)(1).

[3] <u>Legal Sufficiency</u>. When a clear and convincing evidence standard applies, a legal sufficiency review requires a court to "'look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.'" *In re J.L.*, 163 S.W.3d 79, 85 (Tex. 2005) (quoting *In re J.F.C.*, 96 S.W.3d at 266). If the court "'determines that [a] reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true,'" the evidence is legally sufficient. *See id.* (quoting *In re J.F.C.*, 96 S.W.3d at 266).

[4] <u>Factual Sufficiency</u>. Under a clear and convincing standard, evidence is factually sufficient if "a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d at 25; *accord In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). We must consider "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *In re J.F.C.*, 96 S.W.3d at 266; *accord In re H.R.M.*, 209 S.W.3d at 108.

[5] <u>Statutory Factors for Best Interest of the Child</u>. The Texas legislature codified certain factors courts are to use in determining the best interest of a child:
     (1)    the child's age and physical and mental vulnerabilities;
     (2)    the frequency and nature of out-of-home placements;
     (3)    the magnitude, frequency, and circumstances of the harm to the child;
     (4)    whether the child has been the victim of repeated harm after the initial report and intervention by the department;
     (5)    whether the child is fearful of living in or returning to the child's home;
     (6)    the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home;
     (7)    whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home;
     (8)    whether there is a history of substance abuse by the child's family or others who have access to the child's home;
     (9)    whether the perpetrator of the harm to the child is identified;
     (10)   the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision;
     (11)   the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time;
     (12)   whether the child's family demonstrates adequate parenting skills; . . . and
     (13)   whether an adequate social support system consisting of an extended family and friends is available to the child.

TEX. FAM. CODE ANN. § 263.307(b); *see* [citations to cases in COA jurisdiction].

[6] *Holley* Factors. The Supreme Court of Texas identified the following factors to determine the best interest of a child in its landmark case *Holley v. Adams*:
     (A) the desires of the child;
     (B) the emotional and physical needs of the child now and in the future;
     (C) the emotional and physical danger to the child now and in the future;
     (D) the parental abilities of the individuals seeking custody;
     (E) the programs available to assist these individuals to promote the best interest of the child;
     (F) the plans for the child by these individuals or by the agency seeking custody;
     (G) the stability of the home or proposed placement;

(H) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and

(I) any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976) (footnotes omitted); *accord In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012) (reciting the *Holley* factors).